IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 1 8 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| DANIEL M. MILLER, | |
| Plaintiff, | |
| v. | Civil Action No. 1 10-MI-0193 |
| FACEBOOK, INC.; and YAO WEI YEO, | (Presently Pending Before the United Stated District Court for the Northern District of California, San Francisco Division, 10-CV-00264 WHA.) |
| Defendants. | |

## PLAINTIFF DANIEL M. MILLER AND NON-PARTY K2XL, LLC'S OBJECTIONS TO AND MOTION TO QUASH SUBPOENAS SERVED ON K2XL, LLC OR, IN THE ALTERNATIVE, MOTION TO TRANSFER ANCILLARY DISCOVERY PROCEEDING TO THE FORUM COURT FOR THE UNDERLYING LITIGATION

COME NOW the Plaintiff, Daniel M. Miller, and non-party K2xL, LLC, ("K2xL") by and through undersigned counsel, and pursuant to Rules 26 and 45(c) of the Federal Rules of Civil Procedure, object to and request that this Court quash the subpoena for deposition of a Rule 30(b)(6) corporate representative and subpoena *duces tecum* served on K2xL by Defendant Facebook, Inc. ("Facebook") in the above-styled action presently pending in the United States District Court for the Northern District of California, San Francisco Division, 10-CV-00264 WHA. In the alternative, should this Court determine that the Northern District of California's greater familiarity with the procedural history of this matter, as well as

the orders and local civil rules governing this action, make it better suited to rule on this dispute, then the Plaintiff and K2xL would move this Court to transfer this ancillary discovery proceeding from the Northern District of Georgia to the Northern District of California for final disposition. As grounds in support of the foregoing, the Plaintiff and K2xL state the following:

1. This copyright infringement action was initially filed with this Court on October 9, 2009, 1:09-CV-2810, and, upon motion to transfer venue brought by Facebook on December 2, 2009, transferred to the Northern District of California on January 19, 2010.

2. On July 21, 2010, the Plaintiff's First Consolidated Discovery Requests were propounded and served on Facebook. Under the Federal Rules of Civil Procedure, Facebook's answers and documents responsive to these requests were due on August 20, 2010. To date, Facebook has not produced a single document or made a single, substantive response to any of the Plaintiff's thirty-three (33) requests.

3. On October 19, 2010, Facebook propounded and served its First Set of Interrogatories and Requests for Production (attached hereto as Plaintiff and K2xL's Exhibit "A") on the Plaintiff. Setting aside, for the moment, Facebook's complete failure to properly respond to the Plaintiff's discovery requests, the

Plaintiff's answers and documents responsive to these requests would be due, at the earliest, thirty (30) days from the date of service, or November 18, 2010.

4. On or about November 8, 2010, Facebook served on the Plaintiff and undersigned counsel a subpoena to K2xL commanding K2xL to provide a corporate representative knowledgeable about the topics listed on Attachment "A" to the subpoena for deposition on December 9th at the offices of Facebook's local counsel in Atlanta. Attachment "A" contains twenty-six (26) separate subject matter topics upon which Facebook requires examination. (Copies of the deposition subpoena and Attachment "A" are attached hereto as Plaintiff and K2xL's Exhibit "B"). On or about that same date, November 8th, Facebook also served a notice of deposition on undersigned counsel setting the Plaintiff's deposition for December 7th at the offices of Facebook's local counsel in Atlanta.

5. The Plaintiff, a 23-year old graduate of the Georgia Institute of Technology, is the sole member of K2xL, LLC, a limited liability company that has no employees and whose principal office address is the home of the Plaintiff's parents in Marietta, Georgia. *See* Declaration of Daniel M. Miller, ¶¶ 1-2 (attached hereto as Plaintiff and K2xL's Exhibit "C"). The Georgia Secretary of State's business entity database lists the Plaintiff as the registered agent of K2xL and the registered agent's office address, like the principal office address, is the Plaintiff's parents' Marietta address. *See* Declaration of Daniel Miller, ¶¶ 1-2.

6. The Northern District of California's Civil Local Rule 30-1, entitled "Required Consultation Regarding Scheduling", provides as follows:

> For the convenience of witnesses, counsel and parties, *before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel* or, if the party is pro se, the party. A party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling, but may do so after serving the nonparty witness with a subpoena. (Emphasis added.)

At no time was such consultation ever had, or even attempted, by Facebook in clear violation of the Northern District of California's Civil Local Rule 30-1. K2xL and the Plaintiff object to the time, date and place of the subpoenaed deposition and insist that any such deposition take place at the offices of counsel for K2xL and the Plaintiff in Birmingham, Alabama, at a date and time agreed upon by the parties pursuant to Local Civil Rule 30-1.

7. The presiding judge over this litigation in the Northern District of California, District Judge William H. Alsup, has issued a standing order governing the conduct of civil actions before him entitled "Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup" (attached hereto as Plaintiff and K2xL's Exhibit "D"). Paragraph 23 of that Order states that "[w]ithout a prior order increasing the limit, a party may seek Rule 30(b)(6) depositions from another party on up to a total of ten subject matters (for the entire case) described with 'reasonable particularity.'" In clear violation of

Judge Alsup's standing order, Facebook's 30(b)(6) deposition subpoena has a total of twenty-six (26) separate subject matter topics upon which Facebook requires examination. *See* Plaintiff's Exhibit "B".

8. On or about November 10, 2010, Facebook served on the Plaintiff and undersigned counsel a subpoena *duces tecum* to K2xL commanding K2xL to comply with thirty-one (31) separate document production requests labeled as "Attachment A" to the subpoena. (Copies of the subpoena *duces tecum* and Attachment "A" thereto are attached as Plaintiff and K2xL's Exhibit "E"). This production is ordered to take place at the offices of Facebook's local counsel in Atlanta on November 22, 2010, at 10:00 A.M. ***These document requests are the exact same requests for production that were propounded and served on the Plaintiff on October 19, 2010.*** Interestingly, in the "Definitions" section of Facebook's Interrogatories and Requests for Production previously served on the Plaintiff, the terms "MILLER", "YOU", YOUR", or "YOURSELF" are defined to mean "PLAINTIFF Daniel M. Miller, K2XL LLC, and all of their agents, representatives...." However, in the "Definitions" section of the subpoena *duces tecum* served on K2xL, LLC, Facebook has conveniently separated the Plaintiff and K2xL and assigned them different definitions. *See* Plaintiff's Exhibits "A" and "E".

9. The overzealous, if not abusive, discovery tactics herein employed by Facebook are glaringly transparent. All documents that could be considered to be in the possession of K2xL are actually in the possession of the Plaintiff, and the Plaintiff is the sole member of K2xL and is, therefore, the only individual competent to give testimony as to the topics improperly set forth in Facebook's 30(b)(6) deposition subpoena served on K2xL. *See* Declaration of Daniel M. Miller, ¶ 3. For nearly four months, Facebook has refused to provide a single, substantive answer or document in response to the Plaintiff's discovery requests. However, Facebook is now attempting to use Rule 45 of the Federal Rules of Civil Procedure to circumvent the Plaintiff's discovery requests and force the Plaintiff, by means of these subpoenas to K2xL, to produce voluminous documents and give extensive deposition testimony before Facebook has provided any discovery whatsoever to the Plaintiff. In effect, Facebook failed to propound its own discovery to the Plaintiff until three months after the Plaintiff first sought discovery from Facebook, and then, after failing to respond to a single discovery request made by the Plaintiff, subpoenaed the Plaintiff as set forth herein before the 30-day response period under Rules 33 and 34 had even elapsed.

10. Facebook has already served interrogatories and requests for production on the Plaintiff in the forum court and has noticed his deposition. Facebook is seeking the same information from Plaintiff that it is trying to obtain

from K2xL by way of the subpoenas in question. The discovery sought in these subpoenas is unreasonably cumulative and duplicative and can be obtained from the Plaintiff by means of discovery requests already propounded by Facebook pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. Consequently, these subpoenas are beyond the scope of discovery as contemplated by Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure.

11. The discovery requested in these subpoenas all pertain exclusively to the Plaintiff, his knowledge, and the documents in his possession, and thus, Facebook can just as easily obtain this discovery by means already utilized by Facebook in this action, namely, discovery requests submitted to the Plaintiff pursuant to Rules 33 and 34, Fed. R. Civ. P., and the noticed deposition of the Plaintiff. *See Moon v. SCP Pool Corporation*, 232 F.R.D. 633, 637-38 (C.D. Cal. 2005) (citing *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming order requiring party to first attempt to obtain documents from opposing party rather than nonparty).

12. The subpoenas are in violation of the Northern District of California's Local Civil Rules and Judge Alsup's standing Supplemental Order.

13. These subpoenas fail to allow a reasonable time to comply, are overbroad on their face and exceed the bounds of fair discovery, and subject the Plaintiff to undue burden. As previously stated, the subject matter topics set forth

in the deposition subpoena far exceed the permissible number of topics allowed under Judge Alsup's standing Supplemental Order, and are unduly broad and descriptively vague. Additionally, the document requests in the subpoena *duces tecum* are overly broad and unduly burdensome. For example, Request Number 27 seeks "ALL DOCUMENTS that REFER or RELATE TO FACEBOOK." One is hard-pressed to think of a more generic and descriptively vague request than the one presented in Request Number 27, and the other requests contained in Facebook's subpoena are little better.

14. Compliance with Facebook's subpoenas would require the Plaintiff and K2xL to disclose trade secrets and other confidential and proprietary information concerning the Plaintiff's development, licensing, and commercialization of his registered copyrighted work *Boomshine*, which is the subject of the underlying copyright infringement litigation presently pending in the Northern District of California, as well as other projects and gaming applications developed by the Plaintiff such as his *Obechi* application. Since September 22, 2010, Plaintiff's counsel has been wrangling with, and pushing, Facebook's attorneys to arrive at a mutually agreeable protective order governing the production of confidential and proprietary information in the California litigation, but, at present, Facebook's dilatory approach to the entry of such an order continues to delay this process.

WHEREFORE PREMISES CONSIDERED, the Plaintiff and K2xL move this Court to quash Facebook's 30(b)(6) deposition subpoena and subpoena *duces tecum*. In the alternative, and pursuant to authority provided in *Melder v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 1899569 (N.D. Ga. 2008), should this Court determine that the forum court for the underlying litigation is more ideally suited to rule on this discovery dispute, then the Plaintiff and K2xL would move this Court to transfer their motion to quash Facebook's subpoenas to the Northern District of California for final disposition.

Dated: November 18, 2010

                                        Respectfully submitted,

                                        s/ Douglas L. Bridges
                                        Douglas L. Bridges (080889)
                                        dbridges@hgdlawfirm.com
                                        **HENINGER GARRISON DAVIS, LLC**
                                        1 Glenlake Parkway, Suite 700
                                        Atlanta, Georgia 30328
                                        Tel: 678-638-6308
                                        Fax: 678-638-6201
                                        Attorney for Plaintiff Daniel M. Miller and K2xL, LLC