IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL M. MILLER, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:10-MI-0193-RWS-SSC
FACEBOOK, INC. and YAO WEI :
YEO, :
:
    Defendants. :

## **ORDER**

This matter is before the court for consideration of "Plaintiff Daniel M. Miller and Non-Party K2xL, LLC's Objections to and Motion to Quash Subpoenas Served on K2xL, LLC or in the Alternative, Motion to Transfer Ancillary Discovery Proceeding to the Forum Court for the Underlying Litigation." [Doc. 1].

## **Procedural History**

Pursuant to Fed. R. Civ. P. 26 and 45(c), Plaintiff and non-party K2xL object to, and move to quash, a subpoena for the deposition of a Rule 30(b)(6) representative of K2xL and a subpoena duces tecum issued by this court and served by Defendant Facebook, Inc. on K2xL on or about November 8, 2010 and November 10, 2010, respectively. In the alternative, Plaintiff and K2xL move "to transfer this ancillary discovery proceeding from the Northern District of Georgia to the Northern District of California for final disposition." (Doc. 1 at 1-2).

The instant motion arises from an action for copyright infringement filed by Plaintiff against Defendants in this court on October 9, 2009, but subsequently transferred to the United States District Court for the Northern District of California

on January 19, 2010, where it is currently pending as Civil Action No. 10-CV-00264 WHA. (Doc. 1 at 1-2). The court conducted a teleconference with counsel for the parties on November 23, 2010, and during that teleconference, counsel agreed that the motion should be transferred to the Northern District of California for resolution by District Court Judge William H. Alsup, who is presiding over the underlying litigation. Upon consideration of the motion and the representations of counsel during the teleconference, the court finds that the motion to quash should be transferred to the United States District Court for the Northern District of California for consideration by Judge Alsup.

## **Discussion**

In support of the motion to transfer the motion to quash to the Northern District of California, Plaintiff and K2xL cite Melder v. State Farm Mut. Auto. Ins. Co., No. 1:08-CV-1274-RWS-JFK, 2008 U.S. Dist. LEXIS 34118 (N.D. Ga. Apr. 25, 2008), a case in which this court set forth several factors to be considered when evaluating whether a court with ancillary jurisdiction over a motion to quash has the authority to transfer the motion to the forum court. The Melder court wrote:

> While it does not appear that transferring a motion to quash should be the routine practice of a court, many courts faced with special circumstances similar to those found in this case have ordered a transfer. Circumstances which courts have found to justify the transfer of a motion to quash include the non-party's consent to the transfer, designated Multi-District Litigation ("MDL"), a lack of inconvenience to the non-party, and a determination that the complexity of the underlying litigation and discovery disputes made it appropriate for the forum court to handle the dispute.

Id. at *14-15 (citations omitted).

- **2** -

During the teleconference, counsel for both parties agreed that several of the circumstances found to justify transfer are present in this case, and the court so finds. First, the parties have consented to the transfer. Next, the parties have indicated that there are other discovery disputes currently pending before Judge Alsup, and the undersigned agrees that the issues raised in the instant motion should be considered with the other pending issues. In fact, the undersigned notes that a discovery hearing is scheduled for December 1, 2010 before Judge Alsup. Furthermore, several of the objections raised in the motion implicate Judge Alsup's management of discovery in that case, as well as Local Rules for the Northern District of California governing discovery in that court; therefore, the court finds that it is appropriate for these issues to be resolved by Judge Alsup.

The court also notes that many of the objections to the subpoenas raised by Plaintiff and K2xL concern matters addressed in Rule 26. These include the proper scope of discovery, how discovery is to be conducted (including the place and time of discovery) and the alleged burdens of responding to the discovery, rather than whether the subpoenas at issue satisfy the requirements of Rule 45 or should be quashed as provided for in that rule. In order to avoid inconsistent results, those issues should be resolved in the forum court. Finally, "[t]he complex nature of the underlying litigation [a copyright infringement case] and the disputes involving discovery weighs heavily in favor of transferring the motion to quash to the forum court . . . ." Melder, 2008 U.S. Dist. LEXIS 34118, at *16.

In light of these circumstances, it is **ORDERED** that, pursuant to Fed. R. Civ.

P. 26 and 45, the motion to quash [Doc. 1] be **TRANSFERRED** to the United States District Court for the Northern District of California for resolution.

The Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned and close this case.

**IT IS SO ORDERED** this 24th day of November, 2010.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge